UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quintin M. Littlejohn, | ) |
| | ) |
| | ) C/A No. 7:14-812-JMC-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Barack Obama, *President of the United States*; | ) |
| Novant Health Care; | ) |
| Social Security Administration, | ) |
| | ) |
| Complaint. | ) |
| _____ | ) |

## *Background of this Case*

Plaintiff is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977). The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton, President of the United States*, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to Plaintiff's pleadings for docket control purposes. In the above-captioned case, Plaintiff has brought suit against the President of the United States, a private provider of medical services, and the Social Security Administration.

Plaintiff was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Plaintiff currently resides in Gaffney, South Carolina.

The Complaint in the above-captioned case was filed on March 10, 2014, as an Amended Complaint in *Littlejohn v. Obama*, Civil Action No. 6:13-3154-JMC-KFM, which was a mandamus action dismissed *without prejudice* by the Honorable J. Michelle Childs, United States District Judge, on December 30, 2013. The United States Court of Appeals for the Fourth Circuit affirmed Judge Childs's order in an unpublished opinion. *See Littlejohn v. Obama*, No. 14-1023, 2014 WL 842380 (4th Cir. Mar. 5, 2014).

In an order filed in Civil Action No. 6:13-3154-JMC-KFM on March 11, 2014, Judge Childs directed that the Amended Complaint filed in Civil Action No. 6:13-3154-JMC-KFM on March 10, 2014, be "re-filed"as the Original Complaint in a new civil action. In an order filed in this case on March 11, 2014, the undersigned directed Plaintiff to submit Forms USM-285, summonses, a motion for leave to proceed *in forma pauperis*, and Answers to Special Interrogatories. Plaintiff has done so. Hence, the above-captioned case is now "in proper form."

The Complaint reveals that this civil action arises out of the alleged cancellation of Plaintiff's insurance in 2013. Plaintiff alleges: (1) Plaintiff "did get ill" in 2013, and "Defendants Health Care Plan" did not accept Plaintiff's insurance plan but cancelled the insurance (ECF No. 1 at 1); (2) Plaintiff had to "gross the burden and rigors of shock" to file with the Social Security Administration to get $1400 bill paid (*Id*.); (3) Plaintiff does not know if the bill has been paid or not (*Id*.); (4) Defendants have committed a willful and wanton tort (*Id*. at 2); and (5) In 2013, Defendants stated that "if Americans had insurance the plan they had would not be cancelled" (*Id*.). In his prayer for relief, Plaintiff seeks a "punitive settlement" of forty million dollars because of mental anguish

(*Id*.). In his Answers to Special Interrogatories (ECF No. 9), Plaintiff reveals that he is on Medicaid and has received a bill for $1,400 from Novant Health, which he has forwarded to the Social Security Administration (ECF No. 9 at 1).

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under

3

color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982); and *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983.").

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Social Security Administration is entitled to summary dismissal because a *Bivens* action may not be brought against agencies of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies because United States has not consented to suit under the *Bivens* doctrine). The President of the United States is immune from suit with respect to actions taken in his official capacity, such as the signing into law of the Affordable Care Act. *See Nixon v. Fitzgerald*, 457 U.S. 731, 751–52 & n. 32 (1982).

Even if this case is treated as an action for damages under the Federal Tort Claims Act against the President of the United States and the Social Security Administration, this case is still subject to summary dismissal. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees or officials. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). Litigants must strictly comply with the requirements of the FTCA, *see* 28

U.S.C. § 2675 and *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979), and there is no indication in the Complaint that Plaintiff has satisfied the administrative prerequisites for an action under the FTCA with respect to his request for forty million dollars in damages. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

Plaintiff states that he is on Medicaid (ECF No. 9 at 1). Plaintiff, therefore, lacks standing to litigate matters pertaining to other persons' private or group insurance under the Affordable Care Act. *See Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enters., Ltd. v. Montgomery Cnty., Maryland*, 401 F.3d 230, 234–36 (4th Cir. 2005) (collecting cases on standing).

Novant Health Care, which is a private provider of health services, is subject to summary dismissal because it has not acted under color of state or federal law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999). According to the South Carolina Secretary of State database, Novant Health is a North Carolina Corporation licensed to do business in South Carolina (http://www.sos.sc.gov/index.asp, last visited on March 17, 2014). Although diversity of parties exists between Plaintiff and Novant Health, and Plaintiff, purportedly, seeks forty million dollars in damages, the basic amount in controversy is one thousand four hundred dollars ($1,400), the amount of Plaintiff's unpaid bill.

Under the holdings in *BMW of North America v. Gore*, 517 U.S. 559, 574 (1996), and in *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), a plaintiff cannot recover punitive damages at a multiplier of 100. Although the Supreme Court of the United States in *Campbell* declined to provide courts with a simple mathematical formula, it did provide a safe harbor for punitive damage awards: the ratio must be in single digits. Hence, even if this case is treated as a diversity action, and even assuming that Plaintiff might be entitled to relief under cases such as *Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004), Plaintiff, at the most, would be entitled, in actual and punitive damages, to approximately fifteen thousand three hundred ninety-eight dollars, which does not meet the jurisdictional amount set by 28 U.S.C. § 1332. *Anderson v. Caldwell*, Civil Action No. 3:10-1906-CMC-JRM, 2010 WL 3724752, at *4 (D.S.C. Aug. 18, 2010), *adopted by* 2010 WL 3724671 (D.S.C. Sept. 15, 2010).

### *Recommendation*

The two federal defendants are immune from suit, and there is no basis for diversity jurisdiction in this case. Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

March 18, 2014                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).